UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUZANNE JOHNSON                                CIVIL ACTION

VERSUS                                         NO: 07-5532

ZC STERLING INSURANCE                          SECTION: J(2)
AGENCY, INC.

**ORDER AND REASONS**

Before the Court is Plaintiff Suzanne Johnson's **Motion to Amend Scheduling Order (Rec. Doc. 10)**. Plaintiff seeks to amend the expert report deadlines to require that Defendant ZC Sterling Insurance Agency, Inc., also known as Empire Fire and Marine Insurance Company, submit its expert reports before Plaintiff submits hers. This motion, which is opposed, is set for hearing on December 26, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be denied.

**Background Facts**

Plaintiff-insured suffered property damages due to Hurricane Katrina. Plaintiff filed suit against Defendants in state court for the Parish of Jefferson, State of Louisiana. Defendants thereafter filed a notice of removal.

This Court issued a Scheduling Order (Rec. Doc. 9) on November 6, 2007, setting forth, among other things, the deadlines for the exchange of written expert reports. Plaintiff is to obtain and deliver to counsel for Defendants copies of its written expert reports no later than February 29, 2008. Defendants are to obtain and deliver to counsel for Plaintiff copies of their expert reports no later than March 31, 2008. Plaintiff now seeks to reverse the order in which the parties exchange these expert reports.

## The Parties' Arguments

According to Plaintiff, this is a wind damage case. In other words, the primary dispute is whether Plaintiff's property was damaged by wind or by an excluded peril. Pursuant to the comments to the 1993 Amendments to Federal Rules of Civil Procedure 26(a)(3), "the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." As Defendants bear the burden of proof as to whether the loss comes within a policy exclusion, their expert reports should be due first.

Plaintiff acknowledges that she bears the initial burden of proving that her loss is within the general coverage of the policy and that her policy is an "all risk" or "all peril" policy, but submits that this burden is satisfied by proving "a sudden and accidental direct physical loss to [covered] property." According to Plaintiff, that Hurricane Katrina caused

2

the loss is not disputed.

Furthermore, the fact that Plaintiff's coverage is a "named peril" policy does not change the analysis or burdens, since one of the named perils is "windstorm."  According to Plaintiff, it is undisputed that Hurricane Katrina was a "windstorm," therefore, the burden shifts to Defendants to prove an exclusion applies.  And, the exclusions to the contents coverage on which Defendants will presumably rely are virtually identical to the exclusions for dwelling coverage.

Therefore, the Scheduling Order should be amended to provide that Defendants' reports on issues on which they bear the burden of proof, i.e. the existence of an exclusion and whether damage was caused by an excluded cause, be submitted first.

In opposition, Defendants assert that the Scheduling Order should remain as is because Plaintiff's motion is based on an erroneous appreciation of allocation of burden of proof. Plaintiff makes no mention of her burden to prove the amount of her claim for covered damages under the homeowner's policy. Furthermore, once Defendants present evidence that Plaintiff's loss was caused by an excluded peril, the burden then "shifts back" to Plaintiff to show either that the loss does not fall within the exclusion, or, alternatively, to segregate the amount of covered losses from excluded losses.  <u>Broussard v. State Farm Fire and Cas. Co.</u>, No. 06-8084, 2007 WL 2264535, at *3 (E.D. La. Aug. 2, 2007) (Vance, J.).  Therefore, once Defendants introduce evidence demonstrating the applicability of an exclusion,

3

*Plaintiff* bears the burden of apportioning any covered wind damage to her dwelling from any excluded damage.

Additionally, to the extent Plaintiff is seeking coverage for any contents that may have been damaged, such coverage is offered on a "named peril" basis, meaning *Plaintiff* has the burden of demonstrating that her loss was caused by the named peril of "windstorm."  See <u>Id.</u> at *3.  Only after Plaintiff proves that her personal property was damaged as a result of the wind and the amount of damage caused by wind does the burden shift back to Defendants to prove the applicability of any asserted exclusion.  <u>Id.</u> at *3.

## **Discussion**

Plaintiff seeks to re-arrange the expert report deadlines based on the fact that Defendants have asserted affirmative defenses based on policy exclusions.

In its opposition, Defendants propound many arguments as to who bears the burden of proof and how the burden should be allocated in an attempt to show why the Scheduling Order should not be changed.  Without determining the correctness of Defendants' assertion that the burden "shifts back" to Plaintiff, it is clear that Plaintiff bears the burden of proving that the damages were caused by wind, and Defendant bears the burden of proving otherwise.  Therefore, Plaintiff is not prejudiced by having to disclose its expert reports before Defendant. Plaintiff is well aware of the arguments Defendant will make at trial, as Defendants' affirmative defenses are set forth in its

answer, and Plaintiff has plenty of time to conduct discovery. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Amend Scheduling Order (Rec. Doc. 10)** is hereby **DENIED.**

New Orleans, Louisiana, this 19th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE